# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERMEAL WHITE,
    Plaintiff,

vs.

WARDEN R. ERDOS, et al.,
    Defendants.

Case No. 1:19-cv-1009
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against SOCF employees claiming violations of his constitutional rights. This matter is before the Court upon plaintiff's "order to show cause for a[] preliminary injunction and a temporary restraining order" (Doc. 12), which the Court construes as a motion for preliminary injunction/temporary restraining order.

Plaintiff seeks an injunction enjoining defendant Stringer and his officers, agents, employers, and all persons acting in concert or participation with him from harassing and threatening plaintiff and to be transferred to a different prison. (Doc. 12, PAGEID#: 83).

In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a temporary restraining order/ preliminary injunction in this case. Plaintiff has made no attempt to apply the above factors to

his situation. His conclusory allegations of vague threats and harassment are insufficient to warrant an injunction. He has not established a substantial likelihood of success on the merits of his constitutional claims or that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff alleges.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) -- would not be served. The present status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

Accordingly, it is **RECOMMENDED** that plaintiff's motion for preliminary injunction/temporary restraining order be **DENIED**.

Date: 3/2/2020

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMEAL WHITE,
    Plaintiff,

vs.

WARDEN R. ERDOS, et al.,
    Defendants

Case No. 1:19-cv-1009
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).