UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jermeal White,

    Petitioner,

v.

Warden R. Erdos, *et al.*,

    Respondents.

Case No. 1:19-cv-01009

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on the Report and Recommendation (R&R) issued by the Magistrate Judge on March 2, 2020 (Doc. 13), as well as the Report and Recommendation (R&R) issued two days later on March 4, 2020 (Doc. 15). An objection was filed as to the first R&R (Doc. 16) but not to the second.

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).

**I.    The March 2, 2020 R&R**

As background, on February 13, 2020 this Court adopted the January 29, 2020 R&R of the Magistrate Judge (Doc. 8), and consistent with her recommendation, dismissed with prejudice Plaintiff's Complaint[1] with the exception of Plaintiff's Eighth

---

[1] *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

1

Amendment claim against Defendant Stringer in his individual capacity.[2] (Doc. 10). On February 28, 2020, Plaintiff filed an "order to show cause for a[] preliminary injunction and a temporary restraining order" (Doc. 12), which the Magistrate Judge construed as a motion for preliminary injunction/temporary restraining order. (Doc. 13 at PageID 88). As noted by the Magistrate Judge, Plaintiff seeks an injunction enjoining Defendant Stringer (and those acting in concert with him) from harassing and threatening Plaintiff. (*Id.*). Plaintiff also asks to be transferred to a different prison. (*Id.*).

In her report, the Magistrate Judge explained the four factors that the Court must balance in deciding whether to issue a preliminary injunction/temporary restraining order:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

(*Id.* (citing, *inter alia*, *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689–90 (6th Cir. 2014)). The Magistrate Judge further clarified that the purpose of a preliminary injunction/temporary restraining order "is to preserve the status quo until a trial on the merits." (*Id.* at PageID 89 (quoting *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848–49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)))). In recommending denial of Plaintiff's motion, the Magistrate Judge observed that Plaintiff made no attempt to apply the four factors to his situation. (*Id.* at PageID 89–90). In addition, the purpose of a preliminary injunction/temporary

---

[2] Plaintiff subsequently filed a "response" that he did not "dispute or disagree with anything in the report and recommendation[.]" (Doc. 11 at PageID 79).

2

restraining order would not be served. (*Id.* at PageID 90). The current "status quo" according to Plaintiff is that he has suffered numerous violations of his constitutional rights. (*Id.*). But Plaintiff asks the Court to "affirmatively correct constitutional deficiencies yet to be proven." (*Id.* (citing *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)).

Plaintiff objects to the R&R because his "safety and life is in danger[.]" (Doc. 16 at PageID 99). He states the Defendant Stringer has "tampered" with his food and destroyed all of his "personal items for no reason[.]" (*Id.* at PageID 100). He also states that Defendant Stringer is "constantly" harassing him and telling him that he is going to hurt Plaintiff "again." (*Id.* at PageID 101). And, as to the four factors, he claims to have established a "substantial likelihood of success on the merits" because the Court allowed his Eighth Amendment claim to proceed past the screening stage. (*Id.* at 101–02).

To the extent Plaintiff repeats his conclusory allegations of vague threats and harassment, he does not "object" as contemplated by the statute. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1991).

Regarding his contention that he has established a "substantial likelihood of success on the merits" by virtue of surviving a § 1915A screening, he grossly confuses the two legal standards. A § 1915A screening assesses whether the complaint as a whole, or any portion of it, is "frivolous, malicious, or **fails to state a claim upon which relief may be granted**[.]" 28 U.S.C. § 1915A(b)(1) (emphasis added). To avoid

3

dismissal, a plaintiff need only allege "enough facts to state a claim for relief that is **plausible** on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). "In determining whether a claim is sufficient to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), '[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Williams v. Mich. Dep't of Corrections*, No. 2:10-CV-130, 2011 WL 1542845, at *1 (W.D. Mich. Apr. 25, 2011) (quoting *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010)); *see also Odom v. Hiland*, No. 5:12-CV-0124-TBR, 2013 WL 4499022, *3 (W.D. Ky. Aug. 20, 2013). As the Supreme Court has determined, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for **more than a sheer possibility** that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) (emphasis added)). Thus, plausibility, which signifies "more than a sheer possibility," falls far short of a "substantial likelihood of success." *See Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997). Plaintiff's objection, therefore, is not well-taken and will be overruled.

## II.     The March 4, 2020 R&R

On March 3, 2020, Plaintiff filed a letter[3] requesting a preliminary injunction/temporary restraining order. (Doc. 14). He alleges he is going through "some very serious stuff at this prison" and "fear[s] for [his] safety." (*Id.* at PageID 92). He further alleges that he is housed in the same unit as staff sued in *White v. Dillow*, No. 1:19-cv-

---

[3] This letter, dated February 21, 2020, also was filed in four other civil actions currently pending in the Southern District of Ohio: *White v. Dillow*, No. 1:19-cv-33-TSB-SKB (Doc. 35); *White v. Erdos*, No. 1:19-cv-470-MRB-KLL (Doc. 18); *White v. Erdos*, No. 1:19-cv-563-TSB-KLL (Doc. 11); and *White v. Erdos*, No. 1:19-cv-1007-SJD-SKB (Doc. 8).

4

33-TSB-SKB, and he is worried about "being set up, harassed and more." (*Id.* at PageID 93). The following day, the Magistrate Judge recommended that this motion for preliminary injunction/temporary restraining order be denied as well. Plaintiff has not objected to this R&R, and the Court finds it to be well-reasoned and correct.

### III.    Conclusion

In sum, Plaintiff's objection (Doc. 16) to the March 2, 2020 R&R of the Magistrate Judge (Doc. 13) is **OVERRULED**. The Court **ADOPTS** the March 2, 2020 R&R (Doc. 13), and consistent with the recommendation of the Magistrate Judge, Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order (Doc. 12) is **DENIED**. As indicated, Plaintiff failed to file an objection to the March 4, 2020 R&R of the Magistrate Judge (Doc. 15). Accordingly, the Court **ADOPTS** the March 4, 2020 R&R (Doc. 15), and consistent with the recommendation of the Magistrate Judge, Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order (Doc. 14) is **DENIED**.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court