**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jermeal White,

              Plaintiff,                                 Case No.  1:19-cv-1009

     v.                                          Judge Michael R. Barrett

R. Erdos, *et al.*,

              Defendants.

## ORDER

This matter is before the Court on the Report and Recommendation (R&R) issued by the Magistrate Judge on December 10, 2020.  (Doc. 36).

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff has filed timely objections.  (Doc. 37).

### I.  STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge.  With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).   After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see* 28 U.S.C. § 636(b)(1).  The Court has engaged in a de novo review, which is set forth below.

### II.  ANALYSIS

In this civil rights action alleging excessive force in violation of the Eighth

Amendment, and as to the parties' cross-motions for summary judgment, the Magistrate

Judge recommends that Plaintiff Jermeal White's motion (Doc. 19) be denied and

Defendant Corrections Officer Dominique C. Stringer's motion (Doc. 32) be granted.

The Magistrate Judge explains that Plaintiff's motion for summary judgment is

supported only by the allegations contained in Plaintiff's "verified" complaint, which this

Court reprints below:

> On August 9, 2019 Plaintiff was walking to the chow hall to eat his
> food. As Plaintiff was walking pass Defendant D. Stringer was
> standing at the frist (sic) chow hall doors when he called Plaintiff.
> Thats when Plaintiff stoped (sic). Defendant D. Stringer turned
> around and called Plaintiff name, Plaintiff stoped (sic) Defendant
> Stringer walked up on Plaintiff pointing his finger telling Plaintiff to
> walk back to the unit[.]
>
> Thats when Plaintiff told Defendant Stringer he is allowed to eat
> and kept walking to the second chow hall. Thats when c/o Stringer
> followed Plaintiff to the second chow hall, as Plaintiff was about to
> enter the chow hall, Defendant Stringer told Plaintiff to put both of
> his hands on the wall, and Plaintiff did as Plaintiff had his hands on
> the wall Defendant Stringer was playing tricky games of wich (sic)
> one of Plaintiff's hand to cuff up frist (sic). As Plaintiff was cuffed
> up on the wall Defendant Stringer started punching Plaintiff in his
> back. It was three other officers right their Mr. Stringer was the only
> one who attended to me for no reason.
>
> As Plaintiff walked to J2 in the hallway Defendant Stringer smashed
> Plaintiff to the wall with excessive for force, and bent my left wrist
> so hard I can't move It. Plaintiff was refused medical attention, and
> the camera prove It.

(Doc. 1 at PageID 27–28; *see* Doc. 36 at PageID 325). Plaintiff states that the

allegations in his "verified" complaint are true, "except as to the matters alleged on

information and belief, and as to those, I believe them to be true." (Doc. 1 at PageID

32). But because Plaintiff's "verified" complaint does not distinguish between the

statements he considers to be based on "information and belief" and those based on

firsthand knowledge, the Magistrate Judge concludes that Plaintiff's verification

statement fails to comport with the requirement on summary judgment that a supporting

affidavit or declaration be "made on personal knowledge." Fed. R. Civ. P. 56(c).[1] Thus,

Plaintiff's "verified" complaint does not constitute admissible evidence showing there is

a genuine issue of material fact for trial on Plaintiff's Eighth Amendment claim.

In contrast, the evidence Defendant submitted in support of his motion for

summary judgment consists of video recordings of the August 9, 2019 use of force

incident and sworn declarations from Defendant himself and other corrections officers.

The Magistrate Judge explains that this evidence "establishes that C/O Stringer applied

a measured amount of force to discipline plaintiff, a recalcitrant and disruptive prisoner,

and restore order"[2] and notes that Plaintiff "has not introduced any evidence to refute

the video evidence and the declarations of defendant and other corrections officers

---

[1] "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c).

[2] The Magistrate Judge summarizes Defendant's evidence as follows: (1) As Plaintiff walked down the hallway toward the cafeteria, he approached Defendant standing at a set of doors at the entrance to the cafeteria; (2) Plaintiff started using racial slurs and showing disrespect toward Defendant; (3) Plaintiff said to Defendant, "fuck you house nigger;" (4) Defendant ordered Plaintiff to stop being disrespectful, but Plaintiff stopped walking and continued to shout racial slurs at Defendant; (5) As they spoke, Defendant twice pointed back in the direction that Plaintiff had come from; (6) Plaintiff began to walk away, yelling "I don't need to do anything house nigger;" (7) Defendant gave Plaintiff multiple direct orders to put his hands on the wall so that he could be handcuffed, but Plaintiff failed to comply; (8) Plaintiff told Defendant to "put me on the wall bitch;" (9) Plaintiff walked away past several corrections officers as Defendant followed him; (10) Plaintiff continued to argue with Defendant and to be disrespectful; (11) Other corrections officers also followed Plaintiff and one of them pointed toward the wall as he spoke to Plaintiff; (12) Plaintiff continued walking down the hallway; (13) Defendant then forcibly placed Plaintiff against the wall to handcuff him; (14) Plaintiff was yelling racial slurs at Defendant; (15) Two corrections officers who had followed Plaintiff stood by until he was handcuffed, then they walked back to the first set of cafeteria doors; (16) Lieutenant Dunlap stood next to Defendant as Defendant handcuffed Plaintiff; (17) Plaintiff became aggressive and began to pull away as Defendant placed handcuffs on him, so Defendant began escorting Plaintiff down the hall to restrictive housing using an escort technique; (18) Lieutenant Dunlap followed; (19) When Plaintiff resisted and pulled away, Defendant pushed Plaintiff back on the wall; (20) Defendant gave Plaintiff a direct order not to pull away and to comply with the escort; (21) Lieutenant Dunlap assisted Defendant with the escort technique, as they led Plaintiff to the J-block without further incident and place him in a cell. (Doc. 36 at PageID 323–25).

showing that C/O Stringer's use of force was reasonable." (Doc. 36 at PageID 328, 329). The follow-up medical report did not substantiate any injury, which likewise undercuts Plaintiff's allegation of excessive force. (*Id.* at PageID 325 (citing Doc. 32-3 at PageID 273)). Based on these undisputed facts, the Magistrate Judge concludes that Defendant's use of force does not rise to a level sufficient to sustain Plaintiff's Eighth Amendment claim. (*Id.* at PageID 331).

Plaintiff's objections are two-fold. Plaintiff states generally that the Magistrate Judge's assessment of the facts is wrong. (Doc. 37 at PageID 334 ("completely wrong and not based on facts. The Magistrate Judge failed to honestly review the video[.]"); at PageID 338 ("the Magistrate Judge assessment of this video camera use of force incident is wrong. [T]he Magistrate Judge has lied on Plaintiff in regard to the facts[.]"); at PageID 339 ("its (sic) safe for Plaintiff to say that the Magistrate Judge assessment of the video is not truthful and that she lied on Plaintiff in her report and recommendation in light of the videotape[.]")). A general disagreement with the conclusions contained within the R&R, however, is insufficient to direct the Court's attention to a specific issue within the recommended action. Thus, it is not an "objection" as contemplated by the statute. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the [M]agistrate[ Judge]'s report has the same effects as would a failure to object.").

Plaintiff's generalized statements, then, warrant no further discussion.[3]

More specifically, Plaintiff argues that the Magistrate Judge was bound to accept as evidence in support of summary judgment the facts alleged in his "verified" complaint, citing *Cobell v. Norton*, 310 F. Supp. 2d 77 (D.D.C. 2004). But the Magistrate Judge cites *Cobell* for the exact opposite proposition (*see* Doc. 36 at PageID 325–26), and correctly so. An unsworn declaration, certificate, verification, or statement may, under 28 U.S.C. § 1746, substitute for a sworn statement and support the matter asserted so long as the unsworn declaration, certificate, verification, or statement is executed "under penalty of perjury." *Cobell*, 310 F. Supp. 2d at 84–85. The defendant in *Cobell*, though, sought to provide instead certifications based only on "knowledge, information, and belief" rather than "under penalty of perjury." *Id.* at 85. Consequently, these certifications were rejected by the trial court and not considered when ruling on a motion for preliminary injunction. *Id.* As explained by the Magistrate Judge, and as this Court can read for itself, Plaintiff's verification of his complaint is similarly qualified:

> I have read the foregoing complaint and herby verify that the matters alleged therein are true, **except as to matters alleged on information and belief, and as to those, I believe them to be true**. I certify under penalty of perjury that the foregoing is true and correct.

(Doc. 1 at PageID 32 (emphasis added)). Because Plaintiff fails to distinguish between matters of which he has firsthand knowledge and matters he "believes" to be true, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's verification is not admissible evidence that can be considered either in support of his motion for summary

---

[3] Nevertheless, the Court has studied the video recordings of the August 9, 2019 use of force incident and wholeheartedly agrees with the Magistrate Judge that they *refute* rather than support the allegations in Plaintiff's complaint.

judgment or in opposition to Defendant's.

### III.    CONCLUSION

Based on the foregoing and after a de novo review, the Court **OVERRULES** Plaintiff's objections (Doc. 37) and **ACCEPTS and ADOPTS** the Magistrate Judge's December 10, 2020 R&R (Doc. 36) in its entirety.  Accordingly, Plaintiff Jermeal White's Motion for Summary Judgment (Doc. 19) is **DENIED** and Defendant Corrections Officer Dominique D. Stringer's Motion for Summary Judgment (Doc. 32) is **GRANTED**. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES**, for the reasons expressed here as well as in the R&R, that an any appeal of this Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).  Finally, this case is **CLOSED** and **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court